**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DONNA EVANS,                                    )
                                                )
       Plaintiff,                           )
                                                )
    v.                                        )
                                                )        No. 4:25-cv-00288-SEP
ANTHONY JARVIS, et al.,                         )
                                                )
       Defendant.                           )

## MEMORANDUM AND ORDER

Before the Court is the Motion for Protective Order and to Modify Subpoena, Doc. [25], filed by Nonparty Spine and Joint Centers of Missouri (SJCMO).  For the reasons set forth below, the motion is granted.

### BACKGROUND

Defendants Anthony Jarvis and Kostelac Grease Services, Inc., have served on SJCMO a subpoena to produce documents and for a records-custodian deposition.  *Id.*  Plaintiff was treated by SJCMO medical providers before bringing this personal injury suit.  *Id.*  SJCMO asserts that it has already produced all of its medical and billing records related to Plaintiff's treatment and objects to Request Nos. 3 through 5 in the subpoena:  Request No. 3 seeks two years of SJCMO's business tax returns; Request No. 4 seeks "[a]ll payments made by Goldblatt + Singer [Plaintiff's law firm] to your Gateway Spine & Joint from 01/24/2022 to the present"; and Request No. 5 seeks "[a]ll invoices to Goldblatt + Singer from 01/24/2022 to the present."  Doc. [26-1] at 7.  SJCMO argues that Requests 3, 4, and 5 "go far beyond patient-specific treatment and billing records" and request irrelevant information that would "present an undue burden to retrieve."  Doc. [26] at 2.

### LEGAL STANDARD

"Federal Rule of Civil Procedure 45 governs the issuance of third-party subpoenas in civil actions pending in the federal courts."  *Gregg v. B&G Transps., LLC*, 2021 WL 1598969, at *2 (E.D. Mo. Apr. 23, 2021).  Rule 45 requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  FED. R. CIV. P. 45(d)(1).  On timely motion, the court must

quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii)-(iv). "A party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive." *Gregg*, 2021 WL 1598969, at \*2 (quoting *Memhardt v. Nationstar Mortg., LLC*, 2018 WL 705052, at \*2 (E.D. Mo. Feb. 5, 2018)). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Par Pharm., Inc. v. Express Scripts Specialty Distrib. Servs., Inc.*, 2018 WL 264840, at \*2 (E.D. Mo. Jan. 2, 2018) (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999)) (alteration in original).

> Federal Rule of Civil Procedure 26(b)(1) sets the scope for discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The party seeking to limit discovery must "establish grounds for not providing the discovery that are specific and factual; the party cannot meet its burden by making conclusory allegations as to undue burden." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (quoting *Hill v. Auto Owners Ins. Co.*, 2015 WL 1280016, at \*7 (D.S.D. Mar. 20, 2015)).

Courts in this district analyze Rules 26 and 45 together. *See, e.g.*, *Forrest Crompton v. 5-hourEnergy*, 2016 WL 4061881, at \*2 (E.D. Mo. July 29, 2016); *Enter. Holdings, Inc. v. McKinnon*, 2014 WL 5421224, at \*1 (E.D. Mo. Oct. 23, 2014). In evaluating a subpoena, the Court balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena, with special weight given to the burden imposed on non-parties. *See Centrix Fin. Liquidating Tr. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2013 WL 3225802, at \*2 (E.D. Mo. June 25, 2013) (citing *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4856968, at \*2 (E.D. Mo. Oct. 12, 2012)).

2

## DISCUSSION

Nonparty SJCMO has shown that a protective order and modification of the subpoena are warranted. A request for a non-party's tax returns requires careful consideration. *See, e.g.*, *PCA-Corr., LLC v. Akron Healthcare LLC*, 2021 WL 2043118, at *4 (S.D. Ohio May 21, 2021) ("[W]hen confidential documents, such as tax returns, are at issue, 'a subpoena issued to a third party, rather than the defendant, is given careful scrutiny.'") (quoting *United States v. Gammo*, 428 F. Supp. 2d 705, 708 (E.D. Mich. 2006)). And any significant unwanted burden thrust upon nonparty SJCMO merits "special weight" under Rule 45. *Par Pharm.*, 2018 WL 264840, at *2.; *Centrix*, 2013 WL 3225802. SJCMO's "grounds for not providing the discovery . . . are specific and factual": Compliance with the subpoena would require it to review all of its patient files for the entire period sought in the subpoena, as it does not maintain invoices sent to patients' attorneys in a central repository. *Vallejo*, 903 F.3d at 743; Doc. [26-2] ¶¶ 4-5. And the requests are overbroad, in that "nearly all of [the information requested in the subpoena] would encompass unrelated patients and matters," Doc. [26] at 7; and the requests are not tailored to the two SJCMO physicians Plaintiff disclosed she may call to testify. Under the circumstances, then, the requested discovery is not proportional to the needs of the case under Rule 26(b)(1).

Defendants counter that the requested discovery is relevant and proportional to the needs of the case because it may provide them with fodder for impeachment, citing numerous district court cases for the proposition that an expert's finances are relevant to that expert's credibility. *See* Doc. [28] at 5-8 (citing, inter alia, *Nusbaum v. Enlighten Fam. Chiropractic, LLC*, 2023 WL 315719, at *4 (E.D. Mich. Jan. 19, 2023)). But the cases cited by Defendants refer to the financial information and potential bias ***of the expert witness***, not of his or her employer. *See, e.g.*, *Est. of Jackson v. Billingslea*, 2019 WL 2743750, at *2 ("The financial information ***of an expert witness*** is squarely within the scope of discovery") (emphasis added); *Jones v. Young*, 2007 WL 2695621, at *2 (E.D. Ark. Sept. 10, 2007) ("[t]he income that ***an expert derives*** from litigation-related activities") (emphasis added); *Behler v. Hanlon*, 199 F.R.D. 553, 561-66 (D. Md. 2001) (emphasizing "[t]he importance of credibility of ***witnesses*** to the trial") (emphasis added); *compare Waters v. Taylor & Hall Transp., LLC*, 2018 WL 1565616, at *1-2 (S.D. Ill. Mar. 30, 2018) (quashing subpoena requesting payment history between treating physician and plaintiff's law firm). Those cases do not support requiring SJCMO itself to disclose its tax returns and financial records. *See Glenford Yellow Robe v. Allender*, 2010 WL 1780266, at *4

3

(D.S.D. Apr. 30, 2010) ("Defendants have not articulated how the tax records of [the non-parties] . . . are relevant to this litigation.").

Further, although some district courts have permitted discovery of such financial information with respect to retained expert witnesses, the parties here disagree about whether SJCMO and/or Mark Belcher, MD and/or Eric Sincoff, MD, Doc. [28-1] at 1, are true retained expert witnesses or merely treating providers more akin to fact witnesses.  Defendants insist that SJCMO has been retained as an expert, asserting that "[m]ovant's entire argument appears to be made without the knowledge that they have been disclosed as an expert in this matter to opine on the cost of Plaintiff's care."  Doc. [28] at 8.  But SJCMO, LLC, is a business entity, not a retained expert.   SJCMO characterizes itself as entity that "employs three of plaintiff's treating providers."  Doc. [26] at 7.  Defendants filed a document titled "Plaintiff's Expert Disclosures Pursuant to Rule 26(a)(2)" which provides that Mark Belcher, MD and/or Eric Sincoff, MD, may testify, listing them both under "Spine & Joint Centers of Missouri (Gateway Spine & Joint)."  Doc. [28-1] at 1.  The Case Management Order required Plaintiff to disclose expert witnesses and provide their reports by November 7, 2025, and to have expert witness depositions completed no later than December 23, 2025.  Doc. [14] at 1.  The subpoena at issue here was issued April 9, 2026.  Doc. [26-1] at 6.  The parties' fact discovery deadline is May 8, 2026.

Experts may be "non-retained" fact witnesses or "retained" true experts, retained for the purposes of opining on materials provided to them.  Treating physicians are usually non-retained experts, unless they testify as to causation or any other matter outside the scope of treatment.  *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644 (8th Cir. 2022).  If a treating physician testifies on external material, Rule 26(a)(2)(B)'s requirements are triggered, including the requirement of a written report and a list of all other cases in which, during the previous four years, the witness testified as an expert by trial or by deposition.  *Id.*; *see also Dunne v. Res. Converting, LLC*, 2021 WL 4893570, at *2 (E.D. Mo. Oct. 20, 2021) (granting motion to strike expert designations for failure to comply with Rule 26(a)(2)(B)'s disclosure requirements, rejecting argument that 'experts' at issue were simply 'experts' "who do not provide a written report.").  Rule 37(c)(1) provides that if a party fails to comply with its disclosure requirements under Rule 26, they cannot use that witness to supply evidence at trial.  FED. R. CIV. P. 37(c).  To qualify as a "non-retained" fact witness, a doctor must actually treat the patient and make a determination during

4

their course of treatment; he cannot merely rely on medical records chronicling visits with another physician. *Johnson v. Friesen,* 79 F.4th 939, 943 (8th Cir. 2023).

Plaintiff does not appear to have satisfied the requirements under the Federal Rule of Civil Procedure to call Dr. Belcher and Dr. Sincoff as retained experts. Plaintiff's expert disclosures, Doc. [28-1], do not satisfy Rule 26(a)(2)(B)'s requirements for retained experts, in that they do not include or reference a written report or a list of cases for which the expert has opined in the previous four years. *See* FED. R. CIV. P. 26(a)(2)(B); *see Dunne*, 2021 WL 4893570, at *2. According to the Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1), failure to make required disclosures prevents a Plaintiff from using the witness to supply evidence at trial as a retained expert.

Defendants briefly note that "Missouri courts have allowed virtually identical discovery from treating providers," attaching documents from the Circuit Court of St. Charles, Missouri. Doc. [28] at 6. But they provide no example of a court requiring discovery of financial information of treating providers in federal court, where litigants have to comply with the expert disclosure requirements of the Federal Rules of Civil Procedure. If Plaintiff seeks to present Dr. Belcher and Dr. Sincoff as retained experts, she will be prevented from doing so by Rule 37(c)(1). And if Dr. Belcher and Dr. Sincoff are mere treating physician fact witnesses, the discovery requested here is likely improper.

Accordingly,

**IT IS HEREBY ORDERED** that Nonparty Spine and Joint Centers of Missouri's Motion for Protective Order and to Modify Subpoena, Doc. [25], is **GRANTED**. The Court hereby quashes and prohibits discovery of the material sought in Request Nos. 3, 4, and 5 of the subpoena issued upon SCJMO on April 9, 2026.

**IT IS FURTHER ORDERED** that Nonparty Spine and Joint Centers of Missouri's Motion for Leave to File a Reply, Doc. [29], is **DENIED as moot**.

Dated this 6th day of May, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5